UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>  Plaintiff,<br><br>v.<br><br>WARDEN FISHER, et al,<br><br>  Defendants. | **Case No.: 1:18-cv-01565 JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR**<br><br>**(Doc. 1)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has asserted claims against employees of the California Department of Corrections and Rehabilitation. (Doc. 1.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.  Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state inmate housed at Valley State Prison ("VSP") in Chowchilla, California. He names the following defendants: Warden Fisher, Custody Appeals Coordinator C. Agostini, C-Yard Doctor Dr. Gill, Health Care Appeal Reviewer C. Amador, Health Care Analyst A. Rowe, ADA Coordinator S. Hurst, and "Health Care Representative Doctor" H. Longia. Each defendant is named in his or her individual and official

capacity. Plaintiff brings this action pursuant to the Eighth Amendment and alleges as follows:

Plaintiff, who has a spinal injury and neuropathy of the feet, requires the use of a cane, which was issued to him by his surgeon before his May 2018 arrival at VSP. When plaintiff arrived at VSP, he informed intake staff of these issues and requested non-narcotic pain management.

On September 18, 2018, plaintiff was seen by Dr. Gill via a teleconference. Following this appointment, Dr. Gill directed that plaintiff's cane be removed. The next day, plaintiff submitted a Reasonable Accommodation Request form complaining about Dr. Gill's removal of his cane and asking that it be returned.

Defendants Hurst, Agostini, Amador, Rowe, and Longia, members of VSP's Reasonable Accommodation Panel, denied the request on October 5, 2018, citing plaintiff's ability to access programs, services, and activities, and his denial of a wheelchair. Plaintiff was then directed to file a "CDCR 602HC" grievance if he disagreed with the Panel's decision.

On October 13, 2018, plaintiff submitted a "CDCR 602 Inmate/Parolee Appeal" form (that is to say, not a "CDCR 602HC" form required for health care issues) regarding the return of his cane; he also sought medical shoes. After filing the grievance, Dr. Gill suspended plaintiff's pain management medication.

Plaintiff's appeal was cancelled at the first level of review on October 22, 2018, because the "decision being appealed is not within the jurisdiction of the department." Compl. Attach. D (Doc. 1 at 18). He was then informed that his "request for medical shoes need to be addressed on a 602-HC form and submitted to Medical." At the bottom of this form was included the following paragraph:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specific in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Id.

1    Defendant Warden Fisher was notified of plaintiff's ailments and treatment by the other defendants, but he failed to remedy the issues and properly train staff members.

**III.    Discussion**

    **A.  Exhaustion of Administrative Remedies**

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To exhaust available administrative remedies, a

prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

**B. Analysis**

Review of plaintiff's complaint and the attachments suggests that plaintiff did not exhaust his administrative remedies prior to filing this case. This determination is based on several factors. First, the complaint was filed very shortly after the acts underlying this case occurred: Dr. Gill improperly removed plaintiff's cane on September 18, 2018, and the Reasonable Accommodation Panel denied plaintiff's request for the return of the cane on October 5, 2018. Plaintiff initiated this case less than one month later, on November 1, 2018.[1] The Court finds it highly unlikely that plaintiff proceeded through all three levels of review of the administrative grievance process between these dates considering that the institution has 30 days for a first and second level response and up to 60 days for a third level response. Cal. Code Regs. tit. 15, § 3084.8(c). Indeed, plaintiff himself recognizes that "the grievance process … takes an average of 7 months to resolve." Compl. Attach. A (Doc. 1 at 6).

Second, the October 22, 2018 cancellation letter provided plaintiff with specific instructions as to how to proceed following the cancellation: he could either initiate a new 602HC form or he could initiate a separate grievance contesting the cancellation itself. It does not appear that plaintiff pursued either of these available options before initiating this case. See, e.g., Cortinas v. Portillo, 754 Fed. Appx. 525, 528 (9th Cir. Oct. 31, 2018) (improper cancellation of an appeal does not necessarily render administrative remedies unavailable when an inmate can appeal an improper cancellation); see also Wilson v. Zubiate, 718 Fed. Appx. 479, 482 (9th Cir. 2017) (same).

Third, on the form complaint, plaintiff checks the boxes to indicate that he exhausted his administrative remedies (see Compl. at 3), but he then writes in an attached long-form complaint that "[t]he defendants continue to frustrate the plaintiff in an appeals process that amounts to a

---

[1] Although this case was opened on November 14, 2018, the prisoner mailbox rule applies, providing that when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). The form titled "Proof of Service by Mail by Person in State Custody" reveals that plaintiff submitted his complaint on November 1, 2018. (Doc. 1 at 43.) Accordingly, his complaint was constructively filed on that date.

5

dead-end…," see Compl. Attach. A at 3 (Doc. 1 at 7). On page 2 of this long-form complaint, plaintiff includes a title "MEDICAL GRIEVANCE PROCESS IS FUTILE." (Doc. 1 at 6.)

Considering these factors, it appears from the face of the complaint and the attachments thereto that plaintiff did not exhaust his administrative remedies prior to filing suit.

**IV.    Conclusion**

Based on the foregoing, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this order why this action should not be dismissed for failure to exhaust administrative remedies prior to the filing of the complaint.

The plaintiff is advised that the Court will not consider plaintiff's conclusion but will only consider factual allegations. He is advised further that his failure to respond may result in the Court dismissing the action without prejudice.

IT IS SO ORDERED.

Dated:   **April 29, 2019**                          **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE