UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>AGOSTINI, *et al.*,<br><br>        Defendants. | No. 1: 18-cv-01565-DAD-JLT<br><br><u>ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND JUDGMENT ENTERED ON AUGUST 2, 2019, AND PERMITTING PLAINTIFF TO FILE OBJECTIONS WITHIN TWENTY-ONE DAYS</u><br><br>(Doc. No. 11) |

Plaintiff Pedro Rodriguez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 29, 2019, the assigned magistrate judge issued an order to show cause why the case should not be dismissed due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 7.) The order to show cause was mailed to plaintiff's address of record but was returned to the court by the U.S. Postal Service as undeliverable. Plaintiff did not respond to the order to show cause within the fourteen days allotted and the assigned magistrate judge subsequently issued findings and recommendations on May 24, 2019 recommending dismissal due to plaintiff's failure to exhaust his administrative remedies. (Doc. No. 8 at 1.)

/////

1

On August 2, 2019, this court issued an order adopting the findings and recommendations and dismissing this action. (Doc. No. 9.) At the time the findings and recommendations were adopted, plaintiff had not filed objections thereto, and the period to file objections had passed. (*Id.* at 2.)

On August 14, 2019, plaintiff filed a motion to vacate the court's dismissal order on grounds of lack of notice, stating that he did not receive any of the court's orders and independently learned of the dismissal of this action on or about August 10, 2019. (Doc. No. 11 at 1.) Plaintiff contends that the lack of notice was "a result of factors beyond Petitioner's control" including the U.S. Post Office and/or Valley State Prison's failure to forward notices from the court to plaintiff at the address he provided. (*Id.*) Plaintiff also states in his motion that he was unable to communicate with the court because his legal property was confiscated by prison officials due to safety concerns. (*Id.* at 2.) Plaintiff's present motion to vacate dismissal is based on Rule 60(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at 1.) As such, the court construes plaintiff's notice as a motion for reconsideration and a request to file objections to the findings and recommendations.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(6)). The moving party "must demonstrate both injury and circumstances beyond his control . . .." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

2

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Based on plaintiff's representation that he did not receive any of the court's orders and out of an abundance of caution and in the interest of justice, the court will vacate the judgment and grant plaintiff an opportunity to file objections to the findings and recommendations issued on May 24, 2019.[1] *See Luna v. Vasquez*, No. CV F 05-1228 LJO DLB HC, 2008 WL 345868, at *1 (E.D. Cal. Feb. 6, 2008) (vacating judgment, because petitioner informed the court that he never received a copy of the findings and recommendations, and permitting petitioner an opportunity to object); *Kentz v. Ellis*, No. CV F 06-0166 AWI SMS HC, 2008 WL 2421632, at *1 (E.D. Cal. June 13, 2008) (same); *Nguyen v. Giurbino*, No. 05CV2287 WQH (WMC), 2007 WL 3407364, at *2 (S.D. Cal. Nov. 14, 2007) (granting Rule 60(b) motion, because petitioner contended that he never received a copy of the report and recommendation and therefore had no opportunity to file objections, and permitting petitioner an opportunity to object).

Accordingly,

1. The court's order, adopting findings and recommendations and dismissing the action, issued on August 2, 2019 (Doc. No. 9) is vacated;

/////

---

[1] The findings and recommendations were served by mail at plaintiff's address of record on May 24, 2019 and were not returned to the court as undeliverable. However, the docket reflects that the order to show cause, served by mail on April 29, 2019, was returned as undeliverable because plaintiff was "[o]ut to Court 5/15-16, 5/20-22." Because the findings and recommendations were issued and served two days after plaintiff was "out to court," it is likely that plaintiff did not receive a copy of the court's order due to circumstances out of his control and therefore did not have an opportunity to file objections. However, plaintiff is also cautioned that if he were to be transferred during the course of this litigation, it is his obligation to keep the court apprised of his current address of record. See Local Rule 183(b).

3

2. Within twenty-one (14) days from the date of service of this order, plaintiff may file objections[2] to the findings and recommendations (Doc. No. 8); and,

3. Failure to file timely objections will result in a final order adopting the findings and recommendations and dismissing this action.

IT IS SO ORDERED.

Dated:  **October 3, 2019**

UNITED STATES DISTRICT JUDGE

---

[2] In his objections, plaintiff is directed to address if he has exhausted his administrative remedies regarding his action pursuant to the Eighth Amendment, which stems from the alleged removal of his cane, request for medical shoes, and suspension of his pain management medication. (*See* Doc. Nos. 1, 7.)