UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN FISHER, et al,<br><br>Defendants. | **Case No.: 1:18-cv-01565 DAD JLT (PC)**<br><br>**ORDER GRANTING MOTIONS FOR EXTENSION OF TIME; AND**<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ENTIRE ACTION; AND**<br><br>**MODIFIED FINDINGS AND RECOMMENDATIONS TO DISMISS EIGHTH AMENDMENT CLAIM FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Docs. 8, 13, 14)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff proceeds in this civil rights action pursuant to 42 U.S.C. § 1983 on an Eighth Amendment medical indifference claim against several employees of the California Department of Corrections and Rehabilitation. During the screening of Plaintiff's complaint, it became apparent from the face of the pleading that Plaintiff did not exhaust his administrative remedies on his Eighth Amendment claim prior to suit, as is required by the Prison Litigation Reform Act (42 U.S.C. § 1997e(a)). Thus, the Court ordered Plaintiff to show cause why this action should not be dismissed. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). When Plaintiff failed to respond to the order to show cause, the undersigned issued findings and recommendations to

1

1 dismiss this action for failure to exhaust. (Doc. 8.)

2   Plaintiff has now filed a response to the order to show cause, in which he cites to <u>Butler v.
3 Adams</u>, 397 F.3d 1181 (9th Cir. 2005), and California Code of Regulations, title 15, § 3085, for
4 the proposition that his filing of a CDCR 1824 reasonable accommodation form satisfies the
5 PLRA's exhaustion requirement for claims brought pursuant to the Americans with Disabilities
6 Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (<u>See</u> Doc. 15.) But Plaintiff is not proceeding in this
7 action pursuant to the ADA. Rather, he has specifically enumerated only a single claim under the
8 Eighth Amendment. As such, the filing of a CDCR 1824 form does not satisfy the PLRA's
9 exhaustion requirement as to the medical indifference claim. <u>See</u> <u>Hampton v. Haynie</u>, No. 2:15-
10 cv-2038-TLN-KJN, 2016 WL 8731362, at *9 (E.D. Cal. Jan. 15, 2016) ("Filing a request for
11 accommodation under the ADA does not exhaust administrative remedies for the purpose of
12 bringing a § 1983 action in federal court."). For Plaintiff's constitutional claim, the CDCR 1824
13 form is an informal request for ADA accommodations and is to be filed prior to pursuing the
14 formal grievance process. <u>Warzek v. Onyeje</u>, 1:17-cv-1452-AWI-SAB, 2019 WL 1130471, at *7
15 (E.D. Cal. Mar. 12, 2019). On review then, Plaintiff has failed to show why his Eighth
16 Amendment claim should not be dismissed for failure to exhaust. However, because it appears
17 that Plaintiff now intends to assert an ADA claim, the Court will recommend that Plaintiff be
18 granted leave to amend his complaint.  Accordingly, the Court orders as follows:

19   1. Plaintiff's motions for extension of time (Docs. 13-14) are **GRANTED**;
20   2. Plaintiff's response to the order to show cause (Doc. 15) is deemed timely filed;
21   3. The findings and recommendations to dismiss this entire action (Doc. 8) are
22      **VACATED**; and

23   The Court **RECOMMENDS** that Plaintiff's Eighth Amendment medical indifference
24 claim be dismissed for failure to exhaust administrative remedies and Plaintiff be granted leave to
25 amend his complaint to assert a claim under the Americans with Disabilities Act.

26   These Findings and Recommendations will be submitted to the United States District
27 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
28 fourteen days after being served with these Findings and Recommendations, the parties may file

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2020**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE