UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, | Case No.:1:18-cv-01565-DAD-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO DISMISS ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE** |
| v. | |
| WARDEN FISHER, et al., | (Doc. 36) |
| Defendants. | **14-DAY DEADLINE** |

On September 3, 2020, this Court issued findings and recommendations for Plaintiff's Eighth Amendment medical indifference claim to be dismissed for failure to exhaust administrative remedies, with leave to amend his complaint to assert a claim under the Americans with Disabilities Act. (Doc. 17.)  Instead of filing objections to the findings and recommendations, Plaintiff sought multiple extensions of time to file a first amended complaint, which the Court granted. (*See* Docs. 18–32.) In its order granting Plaintiff's request for a tenth extension of time, the Court cautioned that "**no further extensions will be granted absent evidence of extraordinary circumstances**." (Doc. 32 (alteration in original).)

In response, on June 3, 2021, Plaintiff filed an eleventh motion for an extension of time to file an amended complaint. (Doc. 33.) On June 9, 2021, the Court issued findings and recommendations to dismiss action for failure to exhaust administrative remedies prior to filing suit. (Doc. 34.) The Court advised Plaintiff that objections must be filed within fourteen days of

service of the findings and recommendations. *Id.*

Instead of filing objections, Plaintiff again filed a motion for an extension of time to file a first amended complaint. (Doc. 35.) Plaintiff alleged that he was bed-ridden because of a spinal injury. (*Id.*) On July 13, 2021, accepting Plaintiff's allegations as true, the Court excused Plaintiff's inability to meet the prior deadline and granted Plaintiff's request for an extension of time. (Doc. 36.) The Court ordered as follows:

> . . . Plaintiff **SHALL** file a first amended complaint on or before July 25, 2021. (Doc. 35.) Alternatively, Plaintiff may file a voluntary dismissal if he is unable to prosecute this case. **Failure to comply with this order *will* result in a recommendation to dismiss Plaintiff's claim for failure to comply with a court order. No further extensions of time will be granted.**

(*Id.* at 2 (alteration in original).)

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

The July 25, 2021 deadline has passed, and Plaintiff has failed to respond. Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to comply with a court order and failure to prosecute. (*See* Doc. 36.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 11, 2021**                    **/s/ Jennifer L. Thurston**
                                        CHIEF UNITED STATES MAGISTRATE JUDGE